UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00624-SEB-TAB |
| ) | |
| DONALD TRUMP, ) | |
| GEO GROUP, ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion for Leave to Proceed *In Forma Pauperis*,
Dismissing Action,
and Directing Entry of Final Judgment**

The motion for leave to proceed without prepaying fees or costs, dkt. [5], is **granted** because the Court finds that plaintiff David Young does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), Mr. Young is granted a waiver of payment of the initial partial filing fee. He is still obligated, however, to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See id.* § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

Mr. Young, a prison inmate in the Indiana Department of Correction, filed this action on February 25, 2020, naming Donald Trump and The Geo Group as defendants. Dkt. 1. The Court screened the complaint on February 28, 2020, dismissed it for failure to state a claim upon which relief can be granted, and directed Mr. Young to show cause why this action should not be

dismissed and final judgment entered, or to show cause why the original complaint should be allowed to proceed. Dkt. 4.

Mr. Young filed his response on March 12, 2020. Dkt. 6. The response, whether construed as responding to the show cause order or an amended complaint, does not address any deficiency in the original complaint, and adds a number of vague and across-the-board allegations that also fail to state a claim upon which relief can be granted. For example, Mr. Young again asks for smoking tobacco, asks to be seen only by American doctors, asks to be allowed opium, meth, and narcotics as doctors have ordered because they cause no harm, and a mental health medication with weight loss effects. Dkt. 6. Giving the response a very generous and liberal interpretation, the Court discerns no viable federal constitutional claim.

For these reasons and those explained in the Order of February 28, 2020, *see* dkt. 4, this action is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Final judgment consistent with this Order shall now enter.

Finally, Mr. Young is advised that this dismissal, for failure to state a claim upon which relief can be granted, counts as a dismissal for purposes of 28 U.S.C. § 1915(g). Under § 1915(g), should Mr. Young accumulate three or more civil cases that have been dismissed for (1) failure to state a claim upon which relief can be granted, (2) being frivolous, or (3) being malicious, he will be forever prohibited from being allowed to proceed *in forma pauperis* in a civil action or appeal unless the issue in the case concerns an imminent danger of serious physical injury. This means that when three such dismissals ("strikes") have accrued, Mr. Young will have to pay the entire filing fee, currently $400, before he can proceed with the civil case or civil appeal unless he is in imminent danger of serious physical injury from the subject matter of the case.

Mr. Young has had at least one other action in this Court dismissed for failure to state a claim upon which relief can be granted, which counts as a "strike." *See Jewish v. New Castle Correctional Facility,* No. 1:19-cv-02266-SEB-MJD (S.D. Ind. Sept. 5, 2019). Thus Mr. Young now has as least two § 1915(g) "strikes" in this Court.

**IT IS SO ORDERED**.

Date: 03/18/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David Young
270347
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362